IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Putian Diselanke Trading Co., Ltd. d/b/a koyou,** | **Case No. 1:25-cv-03456** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **Changbin XI,** | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Putian Diselanke Trading Co., Ltd., which does business as koyou ("Plaintiff"), brings this complaint against Defendant Changbin XI ("Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 et seq. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff requests this relief because Defendant recently accused Plaintiff of patent infringement. Plaintiff and Defendant both sell products through Amazon.com. Defendant recently filed a report with Amazon against Plaintiff, alleging that Plaintiff's neck massager ("Non-Infringing Product") infringes U.S. Design Patent No. D1022239S ("the '239S Patent") (Attached as Exhibit 1). Plaintiff received a notice from Amazon regarding this report on July 9, 2024 (Attached as Exhibit 2). Under Amazon's intellectual property notice program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product's listings infringe its intellectual property rights and Plaintiff cannot resolve the claim with the

1

patent owner (i.e., Defendant). The parties are unable to reach a compromise.

3. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the '239S Patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

4. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that the '239S Patent is invalid.

5. Defendant's intended assertion of claims of patent infringement based on Plaintiff's products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the '239S Patent.

## THE PARTIES

6. Plaintiff is a foreign company organized under the laws of the People's Republic of China and does business as koyou on Amazon.com.

7. Upon information and belief, Defendant is an individual who does business in all 50 of the United States, including Illinois.

8. Upon information and belief, and based on contentions by Defendant in its report filed with Amazon, Defendant claims to own the '239S Patent.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

10. This Court has personal jurisdiction over the parties, and venue in this judicial

district is proper under 28 U.S.C. §§ 1391 and/or 1400. This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly target business activities toward customers in all 50 of the United States, including Illinois, through at least the fully interactive ecommerce storefronts on Amazon.com. In addition, Defendant has directed its patent assertion campaign at Plaintiff by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '239S Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the '239S Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

## FACTUAL BACKGROUND

11. The '239S Patent is entitled "Facial Massager" and names Changbin XI as inventor. According to the face of the '239S Patent, it was issued April 9, 2024.

12. Upon information and belief, Defendant arrange for the manufacture of, offer for sale, and sell massage devices.

13. Upon information and belief, Defendant offer for sale and sell some of their massage devices on Amazon.

14. Plaintiff also offers for sale and sells massage devices via Amazon.com, including the Non-Infringing Product consisting of at least ASIN: B0D7LQ9LLB, B0D7M2JKY8, B0DJ3C27J7, B0DFW8CS3R, B0D8ZD5141, B0D471CQB4, B0DJMCH6DZ, B0F26DVXFT, B0F26TL1WT, B0F26VT5FY, B0F26VZJHN, B0F26WR75B, B0F26W3H5W, B0F26WW92L ("the ASIN-in-question").

15. None of the Plaintiff's Non-Infringing Product (or any other of Plaintiff's products)

3

infringe the claims of the '239S Patent.

16. On or around July 9, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

17. That same date, in response to Defendant' Amazon report, the Amazon marketplace notified Plaintiff that its Non-Infringing Product would be removed under the pretext that the ASIN-in-question may infringe the '239S Patent if Plaintiff is unable to resolve the claim directly with Defendant, or if Plaintiff does not challenge the infringement claim in court.

18. Defendant's course of conduct is not warranted under law, has anti-competitive effects on the market, and restrains Plaintiff's ability to compete fairly.

## COUNT I
### Declaratory Judgment that the '239S Patent Is Invalid

19. Plaintiff incorporates the allegations set forth above as if fully set forth herein.

20. The '239 Patent, titled "Facial Massager," was filed on September 7, 2023, and issued on April 9, 2024. The patent claims a unique ornamental design for a facial massager, as depicted in the accompanying figures of the granted patent, attached as Exhibit 1.

21. Under 35 U.S.C. § 102(a)(1), an invention is not patentable if it was "on sale" more than one year prior to the effective filing date of the claimed invention. The evidence presented in Exhibit 3 (sales records of goods for 2021, including goods embodying the design features of the '239S Patent, which were publicly sold on November 18, 2021) and Exhibit 4 (comparison between the 3D drawing released on January 5, 2023 and the '239S Patent) confirms that goods embodying the design features of the '239 Patent were publicly sold on November 18, 2021, nearly two years before the filing date of the U.S. patent application. Because this sale occurred well

4

outside the one-year grace period provided by 35 U.S.C. § 102(b), the '239 Patent is invalid due to lack of novelty.

22. In addition to the public sale, a Chinese design patent CN2020301249817 (the "Chinese Patent"), issued on July 28, 2020 (attached as Exhibit 5), discloses all material design features of the '239 Patent. As shown in Exhibit 6, in a side-by-side comparison of the figures from both patents, as detailed in Exhibits 1 and 5, demonstrates that the Chinese Patent fully anticipates the '239 Patent under 35 U.S.C. § 102. Since the earlier Chinese Patent discloses the same ornamental features, the '239 Patent lacks novelty and should be considered invalid.

23. Further, under 35 U.S.C. § 103, if an invention would have been obvious to a person of ordinary skill in the art based on prior art references, the patent is invalid for obviousness. Given the comprehensive similarities between the '239 Patent and the prior Chinese Patent, any minor variations would have been obvious to a designer skilled in the field of facial massagers, further rendering the '239 Patent invalid.

24. Based on the evidence of the prior sales and a detailed claim chart comparing the prior art to the '239 Patent, the '239 Patent is invalid and unenforceable. Specifically,

（i） The structural elements 0-1 and de-1, within the 3D model made public on January 5, 2023, reveal all design characteristics of the '239 Patent.

（ii） A Chinese design patent CN2020301249817 includes and discloses the design features of the '239 Patent.

（iii） Goods that were publicly sold on November 18, 2021 reveal all the design features of the '239 Patent.

25. Plaintiff has been injured and damaged by Defendant' allegations of infringement and could be further harmed by future allegations of infringement to Amazon or other third parties.

26. Plaintiff therefore seeks a declaration that the '239S Patent is invalid.

## CLAIM II
### Declaratory Judgment that Plaintiff's Non-Infringing Product Do Not Infringe the '239S Patent

27. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

28. Defendant's baseless infringement reports on the Amazon platform have caused an imminent and real threat of an infringement lawsuit. Pursuant to the Declaratory Judgment Act, Plaintiff's request a judicial determination and declaration that the Non-Infringing Product do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '239S Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that all of claims of the '239S Patent are invalid.

2. Declaratory judgment that the '239S Patent is not infringed by Plaintiff.

3. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("Enjoined Parties") as follows:

   A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

   B. Requiring that Defendant provide written notice of the injunction to all Enjoined Parties.

4. Judgment that this case is exceptional under 35 U.S.C. § 285 due to the Defendant's anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the

Non-Infringing Products infringe, despite them not actually infringing.

5. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

6. That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: April 1, 2025                           Respectfully submitted,

*/s/ Liping Peng*
Liping Peng
TZZ Law
99 Park Avenue, Suite 1100,
New York, NY 10016
tzzlawip@gmail.com

*ATTORNEY FOR PLAINTIFF*